STATE OF NEBRASKA, APPELLANT, v. SEVERAL PARCELS OF LAND ET AL., APPELLEES.

FILED JULY 12, 1907. No. 14,829.

Taxation: JURISDICTION. Where the amount or existence of a tax involved in a scavenger suit is not put in issue or determined as a controverted question prior to the entry of decree, the court retains jurisdiction of the subject matter for the purpose of correcting mistakes and preventing injustice until the confirmation of the sale.

APPEAL from the district court for Douglas county: ALEXANDER C. TROUP, JUDGE. *Reversed.*

*H. E. Burnam* and *I. J. Dunn,* for appellant.

*Hamilton & Maxwell, contra.*

JACKSON, C.

Tax lot 2,376 in Douglas county consists of lot 6 in block 182½, in the city of Omaha. Tax lot 2,375 is an

eight foot strip lying immediately west of lot 6 in block 182½. The two lots were taxed as one tract. The Union Trust Company holds a mortgage on tax lot 2,376, but has no interest in lot 2,375. The taxes for the years 1894 to 1903 were delinquent, and the county treasurer of Douglas county proceeded in the name of the state under the scavenger act for the collection of this tax. His petition included some 26,000 tracts in all. In preparing the petition the treasurer, by mistake, showed all the delinquent state and county tax levied on the two tax lots as having been levied on lot 2,375. The Union Trust Company was made defendant, appeared in the scavenger suit, and contested the legality of certain special taxes and assessments levied by the city authorities. At the October, 1904, term of the district court for Douglas county, decree was entered to conform with the prayer of the petition in so far as the state and county taxes were involved. Under the decree both tax lots were sold to the city of Omaha on May 17, 1905, and certificates of sale issued pursuant to the provisions of the act under which the proceedings were had. Thereafter the error in the original petition was discovered, and on April 9, 1906, the plaintiff filed its petition in the scavenger suit, asking that the decree rendered therein, in so far as it affected tax lots 2,375 and 2,376, be vacated, the tax sale certificates canceled, and that the taxes levied on those lots be apportioned according to the assessed valuation. The allegation of the petition important to the inquiry is: "That in the compilation of the petition and tax record the treasurer of Douglas county and his employees by accident, oversight, mistake and clerical error included therein the regular state and county taxes for said years as having been levied and assessed only against said tract No. 2,375, and did not include in said petition any tax record or set forth therein any part of any regular state and county taxes as being levied and assessed against said tract 2,376, and that said oversight, mistake and clerical error was not discovered until after the sale of said property here-

inafter referred to and after the adjournment of the court term at which the decree against said property was entered." To this petition the Union Trust Company interposed a general demurrer, which was sustained by the trial court and the state appeals.

It is stated in appellant's brief that the district court based its ruling in sustaining the demurrer upon the proposition that as the state was bound to include in its tax suit and tax record all taxes against each parcel of land then due and delinquent, and a decree of the court having been entered foreclosing the taxes as they appeared in the petition and on the tax record, the Union Trust Company had acquired a vested interest in that decree, which the court held amounted to a final judgment and adjudication; that there were no other taxes or assessments against said tract No. 2,376, and therefore plaintiff was not entitled to have the decree vacated or to assert its liens for state and county taxes from 1894 to 1903. This conclusion, if correct, is one of serious import to the state. We are, however, unable to agree with the learned trial court. It is true that under the provisions of the scavenger act it is the duty of the county treasurer to include in his petition all of the tax delinquent upon the property involved, but we do not think that his failure to do so must result in a loss to the revenues of the state. No confirmation of the sales under the decree could have been had at the time the state asked to have the decree vacated and the sales set aside. Neither the amount of general tax nor the existence of such tax was put in issue, considered or determined by the court as a controverted question. The taxes which the state now desires to apportion were all assessed by the court against tax lot 2,375 by default and through mistake. The authority of the district court to vacate its decree of foreclosure in a scavenger suit continues until the confirmation of the sale, and mistake is one of the grounds upon which the decree may be vacated. Comp. St. 1905, ch. 77, art. IX, secs. 38, 39.

Any person having an interest in the real estate may

apply to the court for relief under the statute. The provisions of the statute evidence a purpose on the part of the legislature to enable the court to deal in an adequate manner with fraud, gross injustice or mistake, so long as its jurisdiction over the subject matter continues. It follows that the district court was not without jurisdiction to set aside the sales and vacate the decree for the purpose of preventing injustice and correcting a mistake. The petition, in our judgment, shows a sufficient reason for the exercise of that jurisdiction, and we recommend that the judgment be reversed and the cause remanded for further proceedings.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED.